Hickory Inv. Co. *et al. v.* Wright Lumber Co.[*]

(Division B. Dec. 17, 1928 Suggestion of Error Overruled Feb. 4, 1928.)

[119 So. 308. No. 27431.]

826

*Corpus Juris-Cyc References: Assignments 5 CJ, section 44, p. 878, n. 15; Building and Construction Contracts, 9CJ, section 78, p. 739, n. 23; Contracts, 13CJ, section 816, p. 708, n. 11; Equity, 21CJ, section 76, p. 100, n. 74; section 565, p. 485, n. 1; As to validity of assignment of construction or building contract without consent of owner, see 2 R. C. L. 602; 1 R. C. L. Supp. 584. As to what constitutes specific performance of building contract, see annotation in 24 L. R. A. (N. S.) 336; 6 R. C. L. 968; 2 R. C. L. Supp. 255; 4 R. C. L. Supp. 454; 5 R. C. L. Supp. 382; 6 R. C. L. Supp. 421.

*R. L. Bullard,* for appellants.

828

*W. T. Moore,* for appellee.

Argued orally by *R. L. Bullard,* for appellant.

ANDERSON, J. Appellee filed the bill in this cause in the chancery court of Harrison county against appellants, the Hickory Investment Company and the Strauss Investment Company, and several other parties whose names need not be set out, because the Hickory Investment Company and the Strauss Investment Company alone prosecute this appeal. Appellee sought, by its bill, to recover of appellants the sum of six thousand eight hundred eighty-eight dollars and ninety-seven cents, and to foreclose a certain equitable mortgage described

in the bill, for the payment of said indebtedness. There was a trial on the amended bill, exhibits thereto, answers of appellants, and proof, resulting in a final decree granting the relief prayed for by the appellee, from which decree appellants prosecute this appeal.

Appellants owned certain lands in Pinehurst subdivision of the city of Biloxi, in Harrison county, upon which they desired to construct residences for sale. W. F. Robinson was a building contractor. On the 13th day of October, 1925, Robinson and the Strauss Investment Company entered into a written contract, providing, in substance, that Robinson would furnish all materials and labor necessary to complete and make ready for occupancy two residences on lots 7 and 11, block 1, Pinehurst subdivision to the city of Biloxi, which lots were owned by the Strauss Investment Company; that upon the completion of the two residences, the Strauss Investment Company was to pay Robinson for the cost of the materials and labor that went into them, and Robinson agreed to construct, out of the money so paid him, additional residences on lots in Pinehurst subdivision to be pointed out by Strauss Investment Company; that the residences should be built by Robinson, according to plans and specifications therefor prepared by himself and approved by the Strauss Investment Company, the latter to have the sole right to direct the kind of residences to be constructed; that, in the event Robinson should fail to complete the residences, or should cease to operate and carry on the construction thereof for a period of thirty days, he should forfeit to the Strauss Investment Company all improvements made on the lots; that, after the residences should be completed, the Strauss Investment Company should have the right to sell the lots and the residences thereon on time payments, and from the proceeds of such sales there should be deducted the selling cost, not to exceed ten per cent. of

the selling price, and out of the residue the Strauss Investment Company should be first paid the value of the lots upon which the residences were located, and the balance remaining was to be divided equally between Robinson and the Strauss Investment Company. To insure good faith on the part of the Strauss Investment Company, it executed to Robinson a conveyance of lots 7 and 11, block 1, Pinehurst subdivision to the city of Biloxi, on which the first two residences were to be constructed, and deposited such conveyance in the People's Bank of Biloxi, as security for the faithful performance by Strauss Investment Company of its obligations in the contract.

Appellee alleged in its bill that it had succeeded to the rights of Robinson under that contract in the following manner: That Robinson had assigned his interest in the contract to W. P. Windsor, and the latter, in turn, had assigned his interest in the contract to the appellee, and that the appellant, Hickory Investment Company, was the vendee of the Strauss Investment Company of the latter's real estate holdings in Pinehurst subdivision to the city of Biloxi; that Robinson had completed the first two buildings, according to said contract between himself and the Strauss Investment Company, at a cost, for labor and material, of six thousand eight hundred and eighty-eight dollars and ninety-seven cents, the amount sued for, payment of which was refused by both appellants, Hickory Investment Company and Strauss Investment Company, and that such refusal constituted a breach of the contract which entitled the appellee to sue for, and recover of them, the value of the labor and material. It was alleged that, before the filing of the bill in this case, the Strauss Investment Company had conveyed, by deed, to the Hickory Investment Company, a large amount of real estate, including lots 7 and 11, block 1, Pinehurst subdivision to the city of Biloxi, and that, in

this conveyance, it was expressly stipulated that the Hickory Investment Company should assume and pay whatever indebtedness might be established against the Strauss Investment Company in favor of the contractor who had built the residences on those lots, for the cost of labor and materials that had gone into them, not to exceed the sum of seven thousand dollars.

As set out in this bill, the appellee's position is that the Strauss Investment Company and the Hickory Investment Company, which undertook to carry out the obligations of the Strauss Company in the building contract with Robinson, breached that contract in that they refused to pay appellee, the assignee of Robinson's interest in the contract, for the value of labor and materials that went into the construction of the two residences. To sustain that position, appellee undertook to prove and did prove that the value of the materials and labor that went into the two residences was six thousand eight hundred eighty-eight dollars and ninety-seven cents, the amount sued for, and, further, that the residences were completed according to contract.

The contention of appellants, Hickory Investment Company and Strauss Investment Company, is that Robinson breached the building contract in that he abandoned the construction of the residences for more than thirty days without having entirely completed them.

The proof showed, as we understand the record, that the first building was entirely completed, and the second was completed, with the exception of the installation and connecting up of the light and heating systems therein, the cost of which the evidence showed would have been about one hundred sixty dollars.

The appellants demurred to the amended bill, upon the ground that the Robinson building contract was not assignable without the consent of the Strauss Company. As a general rule, a building contract, which, of necessity,

requires the labor and attention of a number of persons, is assignable, unless it appears that the contract was made because of the knowledge, experience, or pecuniary ability of the contractor, or that, for some reason, the contractor was especially fitted to carry out the contract, or that the contract involved some feature of a personal nature or personal confidence, which was one of the inducements which led to its execution. 2 R. C. L., section 10, p. 603 *et seq.;* 5 C. J. 883, section 47. In the case of *Janrey* v. *Loketz,* 122 App. Div. 411, 106 N. Y. S. page 690, the court held that a contract calling for the performance of certain painting, decorating, whitewashing, and wall paper work, was assignable; that a contract to build a steam boat, to erect a synagogue, or to build a railroad, was assignable, because such contracts involved no personal, confidential relation, and no exceptional personal skill or knowledge. We are of opinion, therefore, that there was no error in the overruling of the demurrer.

Appellants argue that the court erred in holding that Robinson's contract was complied with in the construction of the two buildings, and that the Strauss Company breached the contract in refusing to pay the cost of the materials and labor that went into them. This contention, of course, involved very largely an issue of fact. We think there was sufficient evidence to sustain the findings of the chancellor in favor of appellee. Concede, however, that Robinson only lacked the installation and connecting up of the light and heating systems, the cost of which, the evidence showed, would be less than two hundred dollars, would that be such a breach of the contract on the part of Robinson that would cause him to forfeit to the Strauss Company the entire cost of the labor and materials that had gone into the residences?

We think not, for the following reasons: In the first place, courts of equity are not friendly to forfeitures, and, in the second place, where there has been a sub-

stantial performance of a contract by one party which benefits the other, and such benefit is retained by the latter, there may be a recovery of the contract price by the party substantially performing, subject only to the right of the other party to recoup the damages done him because of the defects in the performance of the contract. Furthermore, there may be a recovery on a *quantum meruit* for labor and materials furnished in an honest endeavor to perform a contract, but not in compliance with the terms of the contract, yet which are, in some degree, beneficial to the other party. Putting the same principle in different language: In equity it has been generally held that, where a contract has been substantially performed, the party so performing may recover as for a completed performance, less such damages as the other party may have been put to by reason of the matters not performed. 13 C. J. section 786, pp. 690 and 691; 6 R. C. L. pp. 966 to 972, inclusive.

Applying this principle to the case in hand: The contractor, Robinson, had erected two residences into which he put labor and materials to the amount of approximately seven thousand dollars, for which he had not been paid, upon the ground that the second building had not been entirely completed. If it be true that the building only lacked completion in a minor particular, as the evidence for appellee tended to show, and that it would have taken an insignificant sum compared with the whole cost of the building to fully complete it, would the Strauss Company, and the Hickory Company, as vendee of the Strauss Company, be permitted to retain this valuable property and refuse to pay the balance due thereon, because of such an insignificant default on the part of the contractor? We think not. It would be highly unjust and inequitable to permit such a thing to be done. To impose such a penalty on the contractor, we think, would be unconscionable.

Appellants further contend that the court erred in rendering a personal decree for the amount sued for against the Hickory Investment Company, as vendee of the Strauss Investment Company. It was set out in the amended bill, as above stated, that the lots on which the two residences were built had been conveyed by the Strauss Company to the Hickory Company, which latter company had assumed whatever indebtedness might be established against the Strauss Company by the contractor for the building of the two residences, not to exceed the sum of seven thousand dollars. That there was attached to the amended bill, for the purpose of establishing that allegation, a certified copy of the conveyance from the Strauss Company to the Hickory Company, by the terms of which this allegation was substantiated. Appellants did not deny the execution of that conveyance. The allegation of the bill, therefore, was to be taken as true. No proof was necessary, other than the allegation of the bill supported by that exhibit. It is true that there was no contractual relation between the contractor, Robinson, nor his assignee, Windsor, nor Windsor's assignee, appellee, with the Hickory Company, by which the latter agreed to pay for the labor and materials that went into the two residences; but the Hickory Company, as a part of the consideration for such conveyance to it of the property involved by the Strauss Company, agreed to pay whatever amount should be recovered against the Strauss Company for such labor and materials. We see no good reason, therefore, why the Hickory Company had any right to complain of a personal decree being rendered against it for the amount, notwithstanding it had no agreement with appellee to make payment to the latter.

*Affirmed.*