THE SHERWIN-WILLIAMS COMPANY *v.*
SMITH, et al., D.B.A. LA GRACE MOTEL

No. 43633          November 1, 1965          179 So. 2d 263

*Dudley W. Conner,* Hattiesburg, for appellant.

*M. M. Roberts,* Hattiesburg, for appellees.

RODGERS, J.

This is an appeal from a judgment in the Circuit Court of Forrest County, Mississippi, in favor of appellant for paint furnished by it to appellees and used in the construction of LaGrace Motel. Appellant filed a petition against appellees for the sale price of the paint alleged to have been furnished under the lien statute of this State, Title 3, Chapter 5, Mississippi Code Annotated, and particularly sections 356, 360, 372 (1956). The petitioners sought judgment against the appellees for the sum of $1,195.12, and sought to establish a lien against the LaGrace Motel to enforce payment thereof. The jury returned a verdict in favor of appellant in the sum of $412.35. Appellant filed a motion requesting a judgment in the full amount due, notwithstanding the jury verdict. This motion was overruled, and petitioner has appealed to this Court, and has suggested several assignments of error, two of which merit our consideration: (1) The verdict of the jury establishes privity of contract between the plaintiff and defendants in the sale and purchase of the paint; therefore the finding of the jury for the plaintiff entitles appellant to a judgment for the full amount. (2) A verdict for $412.35 was against the overwhelming weight of the evidence and plaintiff was entitled to recover the full amount due for the materials furnished.

Without deviating to discuss whether or not the evidence sustains the appellant's contention that it sold the paint directly to the defendants, appellees here, we are of the opinion the appellant was entitled to a judgment

notwithstanding the jury verdict for the full amount due for the materials furnished in the construction of the Motel for the following reasons.

There is dispute between the parties and conflicting evidence was introduced as to whether or not Mrs. Lorena G. Smith, one of the partners, agreed to purchase the materials from the appellant. It is contended by the appellees that they had a contract with Marvin E. Norton, a resident of Kansas, to do the exterior painting and interior decorating of the LaGrace Motel; that he agreed to furnish the paint and paint forty-two murals on walls of the Motel units. It is contended however that he never finished the paint work and finished only fifteen murals, and that the appellees were required to have some of the painting done in order to open the Motel for business, but that some of the painting had not been finished at the time the petition was filed. Appellees contend that they purchased additional paint used by them in an effort to finish the Motel so that it might be opened for business, and that this paint was purchased from another source.

While appellant contends that appellees bought the paint from it, the appellant sought to establish a lien on the Motel by serving statutory notice, Mississippi Code Annotated section 372 (1956), upon the appellees of the amount due. During the trial, Dumas L. Smith contended that he contracted with Marvin E. Norton, trading as Norton Enterprises, to do the painting for the sum of $9,500, and that at the time the notice was served upon him by the appellant, Mr. Norton was still due the sum of $4,000 on the contract. It is contended however that since Mr. Norton had not finished the job, the appellees did not owe him anything. Moreover, appellees were required to spend money to have the painting done — some of which had not been finished — and would necessarily require additional funds to finish. It was therefore contended by appellees that

they should not be required to pay for the materials used by Mr. Norton in the construction of their Motel.

The pertinent part of Mississippi Code Annotated section 372 (1956) is as follows:

"When any contractor or master workman shall not pay any person who may have furnished materials used in the erection, construction, alteration, or repair of any house . . . the amount due by him to any subcontractor therein . . . any such person . . . may give notice in writing to the owner thereof of the amount due him and claim the benefit of this section; and, thereupon the amount that may be due upon the date of the service of such notice by such owner to the contractor or master workman, shall be bound in the hands of such owner for the payment in full, or if insufficient then pro rata, of all sums due such person . . . who might lawfully have given notice in writing to the owner hereunder, and if after such notice, the contractor or master workmen shall bring suit against the owner, the latter may pay into court, the amount due on the contract; and thereupon all persons entitled hereunder, so far as known, shall be made parties and summoned into court to protect their rights . . . . In case judgment shall be given against such owner, such judgment shall be a lien, from the date of the original notice, and shall be enforced as other liens provided in this chapter . . . ."

The appellees in this case did not attempt to show how much of the funds due Mr. Norton, then in their hands, would be required to finish the exterior and interior painting. ▮▮ ▮ The burden is upon all parties claiming a part of the funds in the hands of the owner, belonging to the contractor, to show their interest, if any, in the funds due the contractor remaining unpaid and held by the owner. See Hickory Inv. Co. v. Wright Lbr. Co., 152 Miss. 825, 119 So. 308 (1928); Bevis Const. Co., Inc. v. Kittrell, 243 Miss. 549, 139 So.

2d 375 (1962); 17A C. J. S. *Contracts* § 589 (1939). See also 25 C. J. S. *Damages* § 158, § 162 (2) (1941).

■■ ■ The owner having failed to prove his interest in the funds due the contractor, the balance due Mr. Norton held in appellees' hands became subject to the lien of the appellant. Dickson v. U. S. F. & G. Co., 150 Miss. 864, 117 So. 245 (1928); Chancellor v. Melvin, 211 Miss. 590, 52 So. 2d 360 (1951). The motion for judgment notwithstanding the verdict should have been sustained. Judgment for the sum of $1,195.12 in favor of the appellant, plus six percent interest from the date of the judgment in the circuit court, will be allowed by judgment of this Court, and lien will be established upon the property described in the judgment of the trial court for enforcement of the payment of the judgment herein allowed.

Reversed and judgment here for the sum of $1,195.12 in favor of appellant.

*Lee, C. J., and Brady, Patterson and Inzer, JJ.,* concur.