CARLTON, J„
for the Court:
¶ 1. Louis Howard filed a complaint in the Chancery Court of Lincoln County seeking to void a tax sale of his property. Shortly thereafter, Howard and Johnny Joe Gunnell d/b/a 4-S Company (Gunnell), the subsequent purchaser of the property, entered into an agreed order, whereby Howard agreed to pay Gunnell $8,075.26, plus interest at eight percent, in exchange for Gunnell’s interest in the property at issue. Gunnell filed a “Petition to Enforce the Court’s Prior Order and to Adjudicate Ownership of Real Property,” claiming that Howard failed to abide by the terms of the agreed order. The chancery court held a hearing on Gunnell’s petition, and at the close of the hearing, the chancellor adjudicated Gunnell as the owner of the property in dispute and entered an order providing for such. Howard then filed a motion for reconsideration, which he titled “Motion for Reconsideration, For Disposition of Motion for Interpleader, and For Other Relief.”
¶ 2. After conducting a hearing on Howard’s motion for reconsideration, the chancellor denied the motion and entered an order providing for the denial. Howard then filed his notice of appeal. Then, the day after filing his notice of appeal, Howard filed a “Motion for Relief from Judgment Pursuant to Mississippi Rule of Civil Procedure 60(b).” Howard’s 60(b) motion was subsequently denied by the chancellor since the court was limited in its authority to broaden, amend, or modify its previous ruling while the case was on appeal. Aggrieved, Howard appeals, raising the following issues: (1) whether the chancellor’s enforcement of the agreed order violated the laws applicable to tax sales; (2) whether tender of the principal amount contemplated by the agreed order constituted *591 substantial performance of the agreement; and (3) whether the agreed order was an enforceable contract as it is both illusory and unconscionable. Finding no error, we affirm.
FACTS
¶ 3. Howard claims that he received title to a piece of real property in Lincoln County, Mississippi in 1996. On March 16, 1998, Howard executed a deed of trust in favor of Copiah Bank pledging the subject property as collateral to secure an indebtedness owed by him to the bank.[1] Howard claims that he was unaware that the Lincoln County Tax Assessor continued in 1998 to assess the property in the name of State Street Bank and Trust Company, rather than in his name or in the name of Copiah Bank.[2] In his complaint, Howard claims that on February 15, 2002, the Lincoln County Chancery Clerk issued a tax deed, conveying the property for delinquent 1998 taxes to Merritt Tax Service, Inc., without providing notice of the tax sale to him or Copiah Bank. Howard alleges that shortly thereafter, Merritt Tax Service, Inc. conveyed the property to Gunnell. Howard asserts that after learning of the tax sale on March 31, 2005, he filed a complaint, alleging that the sale of his property was void since he failed to receive proper notice that a tax sale of his property was to occur.
¶4. Gunnell filed an answer and counterclaim to Howard’s complaint, asserting that the subject property was sold for delinquent ad valorem taxes to Merritt Tax Service, Inc. on August 30, 1999, and that he subsequently purchased the property from Merritt Tax Service, Inc. on March 19, 2002. Gunnell also sought an order of the court which would preclude Howard and all other persons from questioning the validity of the tax sale of the property or, in the alternative, requesting that a lien be enforced against the property. Gunnell then filed an amended answer and counterclaim, adding an additional claim which alleged that the property was sold for delinquent ad valorem taxes to State Street Bank & Trust on August 25, 2003, and was then purchased by Gunnell. Howard responded to Gunnell’s claims by asserting that Gunnell was not entitled to the relief sought in his amended counterclaim.
¶ 5. Howard and Gunnell signed an agreed order which was approved by the chancery court and entered on December 10, 2007. The agreed order provided for the following:
[Tjhe parties having appeared through counsel and having announced their agreement herewith, the Court finds the announced agreement and resolution to be fair, adequate, and reasonable, and having considered the premises, finds the agreement of the parties should be incorporated into an Agreed Order and makes the following findings:
2. At all relevant times, Louis Howard was the owner of the following described real property:
[Description of the property at issue]
3. Defendant, Johnny Joe Gunnell, D/B/A 4-S Company has acquired, through various tax sales conducted by the Tax Assessor/Collector for Lincoln County, Mississippi, an interest in the above described property.
*592 4. As of October 1, 2007, Defendant, Johnny Joe Gunnell, D/B/A 4-S Company, is entitled to reimbursement for funds expended and interest thereon in the total amount of $8,075.26. Defendant is awarded a judgment in the amount of $8,075.26 to accrue interest from the date of this Order at the legal rate of 8% until paid.
5. In the event Plaintiff, Louis Howard, tenders a lump-sum payment in the sum of $8,075.26 as of October 1, 2007, together with interest accrued thereon at the rate of 8% on or before October 1, 2008, then any and all interest acquired by Johnny Joe Gunnell, D/B/A 4-S Company shall be null and void and any and all documents of title shall be stricken as a cloud upon the title of Louis Howard.
6. However, in the event Louis Howard fails to pay the sum of $8,075.26 together with accrued interest at the rate of 8% until paid on or before October 1, 2008, then any and all interest of Louis Howard in and to the above-described property shall be null and void and Johnny Joe Gunnell, D/B/A 4-S Company shall be adjudicated the owner to the following described property:
[Description of the property at issue]
7. Johnny Joe Gunnell shall within ten (10) days of this Order prepare and deliver to his attorney of record, Honorable Mark R. Holmes, a deed conveying the above[-]described property to Louis Howard. In the event the payment set forth in paragraph 5 above is tendered to Johnny Joe Gunnell D/B/A 4-S Company on or before October 1, 2008, then counsel for Johnny Joe Gunnell is authorized, ordered, and directed to deliver to counsel for Louis Howard, Honorable Wayne Dowdy, the deed conveying the above[-]described property.
8. Louis Howard shall within ten (10) days of this Order prepare and deliver to his attorney of record, Honorable Wayne Dowdy, a deed conveying the above described property to Johnny Joe Gunnell D/B/A 4-S Company. In the event the payment set forth in paragraph 5 above is not tendered to Johnny Joe Gun-nell D/B/A 4-S Company on or before October 1, 2008, then counsel for Louis Howard is authorized, ordered, and directed to deliver to counsel for Johnny Joe Gunnell D/B/A 4-S Company, Honorable Mark R. Holmes, the deed conveying the above[-]described property.
9. The judgment set forth in paragraph 4 above shall constitute a lien described upon the property described herein and the Chancery Clerk of Lincoln County, Mississippi, is authorized, ordered, and directed to record a copy of this Agreed Order on the land records of Lincoln County, Mississippi, reflecting the lien of Johnny Joe Gunnell D/B/A 4-S Company upon the property described in paragraph 2 above.
¶ 6. On or about October 1, 2008,[3] Howard tendered funds in the amount of $8,075.26 to Gunnell, but no payment of interest was provided. On or about October 7, 2008, Gunnell’s counsel returned the *593 tendered funds to Howard’s counsel with a letter that provided an explanation of the amounts due in interest. In the letter, Gunnell’s counsel advised Howard that he owed Gunnell the following: $646.02, which he claimed was eight percent of $8,075.26; $872.35, for the amount Gunnell paid for the 2005 taxes on the property; and $26.17, the amount in interest on the $872.35. The total amount sought by Gun-nell, as explained in his letter to Howard, was $9,619.80. On January 7, 2009, Howard tendered a certified check in the amount of $8,075.26 to the Chancery Court of Lincoln County.
¶ 7. After Howard failed to comply with the agreed order, Gunnell filed a petition to adjudicate ownership of the property in dispute on January 20, 2009. Howard answered the petition asserting that he had attempted to tender all sums due to Gun-nell, but that Gunnell refused to accept Howard’s tender of payment. After a hearing on the petition, the chancellor entered an order adjudicating Gunnell as the owner of the property in dispute. On July 21, 2009, Howard filed a motion for reconsideration. After conducting a hearing on Howard’s motion, the chancellor entered an order denying the motion. On September 29, 2009, Howard filed a petition dismissing his current counsel of record, and on October 1, 2009, through new counsel, filed a notice of appeal with the Lincoln County Chancery Court. On October 2, 2009, Howard filed a 60(b) motion, which was subsequently denied by the chancellor. Howard now appeals.
STANDARD OF REVIEW
¶ 8. This Court applies a well-settled standard of review when considering a chancellor’s decision. SKL Inv., Inc. v. Am. Gen. Fin., Inc., 22 So.3d 1247, 1249 (¶ 4) (Miss.Ct.App.2009) (citing Stokes v. Campbell, 794 So.2d 1045, 1047-48 (¶ 9) (Miss.Ct.App.2001)). “We will not disturb a chancellor’s findings unless they are manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard.” Id. “The standard of review employed by this Court for review of a chancellor’s decision is abuse of discretion.” Creely v. Hosemann, 910 So.2d 512, 516 (¶ 11) (Miss.2005) (citing McNeil v. Hester, 753 So.2d 1057, 1063 (¶21) (Miss.2000)). We utilize a de novo standard of review when reviewing questions of law. SKL Inv., Inc., 22 So.3d at 1249 (¶ 4) (citing Gillespie v. Kelly, 809 So.2d 702, 705 (¶ 9) (Miss.Ct.App.2001)).
DISCUSSION
I. Whether the Chancellor’s Enforcement of the Agreed Order Violated the Laws and Public Policy Applicable to Tax Sales
¶ 9. On appeal, Howard argues that the agreed order at issue violates Mississippi law and is therefore void, along with all the subsequent orders seeking to enforce it. Howard specifically argues that the trial court lacked the legal authority to approve the agreed order transferring Howard’s interest in the property to Gun-nell, since the tax deed was void due to Howard’s failure to receive the statutory notice required before a tax sale of his property could occur. See Miss.Code Ann. § 27-43-3 (Rev.2010) (stating that notice must be provided to the owner of the property that is to be sold at a tax sale or such sale shall be void). Howard claims that because the agreed order transcends and differs from the laws applicable to tax sales in Mississippi, then the agreed order is, therefore, unenforceable. Howard cites Barrett v. Ballard, 483 So.2d 304, 306 (Miss.1985), for the proposition that “a judgment must be ‘according to established modes governing the class to which the case belongs, and ... not transcend, in *594 the extent or character of its judgment, the law which is applicable to it.’ ” Howard also cites Mississippi Code Annotated section 27-45-27 (Rev.2010) to support his proposition that because the tax sale is void, which in effect invalidates the agreed order, Gunnell’s sole remedy is to receive a hen on the property which may be enforced by obtaining a decree for the sale of the property.
¶ 10. In response, Gunnell argues that Howard is procedurally barred from raising this issue before this Court, since he failed to raise the issue of notice in the trial courts. See Gale v. Thomas, 759 So.2d 1150, 1157-59 (¶¶ 31-40) (Miss.1999). Further, Gunnell asserts that a request for relief from an agreed order dated December 10, 2007, is not timely. Gunnell continues, notwithstanding the procedural bar, and argues that Howard voluntarily compromised a disputed claim on December 10, 2007, by entering into their agreed order whereby Howard agreed to pay Gunnell $8,075.26, in addition to interest, in exchange for Gunnell’s interest in the property. In response to Gunnell’s argument, Howard argues that it was not until October 8, 2008, when Gunnell rejected Howard’s tender of payment, that Howard had cause to seek relief from the agreed order.
¶ 11. The Mississippi Supreme Court has explained the finality of agreements made between parties by stating the following:
The law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the Agreement which the parties have made, absent any fraud, mistake, or overreaching. First Nat’l Bank of Vicksburg v. Caruthers, 448 So.2d 861, 864 (Miss.1983); Weatherford v. Martin, 418 So.2d 777, 778 (Miss.1982)- They are contracts, made by the parties, upon consideration acceptable to each of them, and the law will enforce them. East [v. East ], 493 So.2d [927], 932-33 [ (Miss.1986) ]. Courts will not rewrite them to satisfy the desires of either party. Travelers Indem. Co. v. Chappell, 246 So.2d 498, 510 (Miss.1971). With regard to the property of the parties, this is a strong and enforceable rule with few, if any, exceptions. Osborne v. Bullins, 549 So.2d 1337, 1339 (Miss.1989); Morris v. Morris, 541 So.2d 1040 (Miss.1989).
McManus v. Howard, 569 So.2d 1213, 1215 (Miss.1990) (emphasis added). See also Welsh v. Mounger, 883 So.2d 46, 48 (¶ 7) (Miss.2004) (finding that the law favors settlement of disputes).
¶ 12. Upon a review of the record, this Court finds that Howard waived all alleged errors, including but not limited to, his notice requirement argument, upon entry into the agreed order with Gunnell. Under Mississippi law, “a ‘waiver’ presupposes a full knowledge of a right existing, and an intentional surrender or relinquishment of that right ... [and] contemplates something done designedly or knowingly, which modifies or changes existing rights, or varies or changes the terms and conditions of a contract.” Taranto Amusement Co. v. Mitchell Assocs., Inc., 820 So.2d 726, 729-30 (¶ 13) (Miss.Ct.App.2002). The record reflects that the agreed order required Howard to tender to Gunnell the total amount of $8,075.26, together with an interest accrued thereon at the legal rate of eight percent from the date the agreed order was entered until paid, on or before October 1, 2008. The record further shows that Howard failed to comply with the agreed order by paying only the principal amount and making no payments toward the interest amount owed. As such, Howard failed to comply with the terms of the agreed order. Under our deferential standard of review, we find no abuse of *595 discretion in the chancellor’s decision to adjudicate Gunnell as the owner of the property in dispute. We also find no abuse of discretion in the chancellor’s denial of Howard’s motion for reconsideration and Rule 60(b) motion. See Creely, 910 So.2d at 516 (¶ 11). The record reflects that the decisions of the chancellor were supported by substantial credible evidence and were not manifestly wrong or clearly erroneous, and he did not apply an erroneous legal standard in making this determination. As such, this issue is without merit.
II. Whether Tender of the Principal Amount Contemplated by the Agreed Order Constitutes Substantial Performance of the Agreement
¶ 13. In his second assignment of error, Howard argues that the chancellor committed manifest error by failing to recognize that Howard substantially complied with the agreed order. Howard argues that his payment of $8,075.26 prior to the deadline, and his attempt to obtain the amount in interest owed from Gunnell, was substantial performance of the agreed order. Howard claims that he only failed to pay the interest, an amount which was not explicitly calculated in the agreed order and which was in dispute as between the parties. Howard further asserts that Gun-nell failed to act in good faith by waiting until after the deadline to demand from Howard not only interest, but additional monies which were not contemplated by the agreed order.
¶ 14. The supreme court has applied contract law to negotiated settlement agreements. Estate of Davis v. O’Neill, 42 So.3d 520, 527 (¶28) (Miss.2010) (citing Chantey Music Publ’g, Inc. v. Malaco, Inc., 915 So.2d 1052, 1056 (¶11) (Miss.2005)). “Settlements are contracts.” Id. (citing Hastings v. Guillot, 825 So.2d 20, 23 (¶ 12) (Miss.2002)). “The law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching.” Id. (citing Malaco, 915 So.2d at 1055 (¶ 11)). While most often applied in construction cases, the doctrine of substantial performance is not so limited and may be utilized in all types of contractual obligation disputes. See 17 Am.Jur.2d Contracts § 616 (2004), stating:
The general test of performance, except with regard to express conditions not resulting in a forfeiture, is not whether a party has literally complied with a contract’s terms, but whether one has substantially done so. Where a contract is made for an agreed exchange of two performances, one which is to be rendered first, substantial performance of the first obligation, rather than exact or strict performance of the contract’s terms, is sufficient to entitle the contractor to recover. If a contract has been partly performed by one party and the other has derived a substantial benefit, the latter may not refuse to comply with the contract’s terms simply because the first party failed to complete performance. This is because strict compliance with every specification is not of the essence of a contract, unless made so by the contract’s terms or necessary implication. However, the substantial performance rule does not apply where the parties, by the terms of their agreement, make it clear that only strict or complete performance will be satisfactory. The doctrine of substantial performance also may not be invoked to avoid remedies stipulated in a contract.
(Internal citations omitted). “In equity it has been generally held that, where a contract has been substantially performed, the *596 party so performing may recover as for a completed performance, less such damages as the other party may have been put to by reason of the matters not performed.” Darby Lumber Co. v. Hill, 209 Miss. 816, 829, 48 So.2d 484, 489 (1950) (quoting Hickory Inv. Co. v. Wright Lumber Co., 152 Miss. 825, 119 So. 308, 310 (1928)).
¶ 15. After reviewing the record, we find no abuse of discretion by the chancellor in adjudicating Gunnell as the owner of the property in dispute and by denying Howard’s motion for reconsideration and Rule 60(b) motion. Significant to our decision, the chancellor found that: Howard failed to comply with a court order to tender the additional monies due under the agreement, and the court order clearly provided that failure to tender these sums resulted in voiding Howard’s interest in the property. At the hearing on Howard’s petition to adjudicate ownership of the property, the chancellor stated the following:
The Court finds by the evidence in this case that a check in the amount of $8,075.26 dated September 18, 2008, was duly tendered to counsel for Mr. Gun-nell, D/B/A 4-S Company; that on October 7th, prior to the date of — I guess the trigger date in the — excuse me — on October 7th, the check was returned to counsel for Mr. Howard explaining that the interest had not been tendered in the amount of $646.02 and also additional interest that would have accrued thereon telling counsel for Mr. Howard that the check that is due is $9,619.80 and request that that money be forwarded so that the quitclaim deed executed by Mr. Gunnell could be delivered to Mr. Howard.
The additional sum was never tendered as required by the court order. The court order is clear and unambiguous as to the agreement of the parties in the event that that sum was not properly tendered, and that is, that any and all interest of Louis Howard in and to the above[-]described property shall be null and void and Johnny Joe Gunnell, D/B/A 4-S Company shall be adjudicated the owner of the property described in the Agreed Order which the Court finds to be the case, and the Court finds as between Mr. Gunnell and Louis Howard and any predecessor in interest of Louis Howard[,] that Johnny Joe Gunnell is the adjudicated owner of that property....
The chancellor again spoke to the issue of performance of the agreed order at the hearing on Howard’s motion for reconsideration. The chancellor stated the following:
[Ljet’s assume for the sake of argument that the additional taxes are outside the agreement. I say “argument.” It’s outside the agreement clearly. Upon the return with that letter of your check, what excused your client from at that point in time immediately tendering to the registry of the Court the $8,075.26, plus the agreed interest, which is readily calculable — you can calculate 8 percent — I mean, that’s just a fifth grade math computation — and tendering that to the registry of the Court and pleading, we have performed? We have performed our obligation under the agreement, and we have tendered this to the Court, and therefore, if you don’t take it, we’ve done everything we can to do [sic] to comply with the agreement. We might owe some reimbursement for taxes, but that’s another chapter in a different book, but we have performed. What excuses your client from performance under the agreement?
[I]f Mr. Louis Howard had tendered to Mr. Gunnell the principal amount owed, *597 the $8,075.26, plus the simple calculation of 8 percent interest, this Court would be in a position to make Mr. Gunnell take the money and make Mr. Gunnell do the other components of releasing any clouds on Mr. Howard’s title.
Now, here’s where the problem comes, performance. Mr. Howard, even as we sit here today, if I understand the arguments that have been made, has never tendered the interest. There’s a check downstairs for the $8,075.26 .... [t]he answer says that that’s been done. But it is a simple calculation as to what the 8 percent interest is on whatever day Mr. Howard chose to tender it, if it was October the 1st, if it was February the 19th, 2009, when he filed his answer. He could have calculated the interest right up to that date to come into court with clean hands, to show good faith, to show that he is acting with due diligence to comply with the agreement, but even as we sit here today, that tender has not been made, and I think that is instrumental from a performance standpoint on Mr. Howard, which he just simply hasn’t done. As we sit here today, he has not even put the Court in a position to say, well, look, Mr. Gunnell, here he is with his interest; here he is with his money.
What about performance? It’s late. Mr. Howard still hasn’t done it. You know, there is absolutely nothing new that has come before this Court. There is no intervening change in controlling law. There is no new evidence not presently available. There is not a need to correct a clear error of lato or prevent a manifest injustice because performance still hasn’t been done, nor has a tender of performance. Even as we sit here on this motion for reconsideration, it has not been made. You know, I just don’t see how in the world I can say that — or say that an agreement that has been breached can now have new life breathed into it ivhen there’s never been a tender or a performance of that agreement as we sit here today.
(Emphasis added).
¶ 16. This Court recognizes the limited standard of review that appellate courts utilize when reviewing a chancellor’s decision. We acknowledge that this Court will not disturb a decision of a chancellor absent a finding that he or she is “manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard.” SKL Inv., Inc., 22 So.3d at 1249 (¶ 4). In the present case, the record reflects that the agreed order required Howard to pay $8,075.26, plus interest at a rate of eight percent, on or before October 1, 2008. The record further shows that Howard failed to tender the amount due to Gunnell, or to the court, prior to this date. As noted by the chancellor in his above-stated orders, Howard failed to perform substantially the requirements of the agreed order; instead, he came into the court with unclean hands by failing to comply with the terms in the agreed order. Therefore, we find no abuse of discretion in the chancellor’s findings, which adjudicated Gunnell as the owner of the property in issue. See Creely, 910 So.2d at 516 (¶ 11). This issue lacks merit.
III. Whether the Agreed Order was an Enforceable Contract As It Is Both Illusory and Unconscionable
¶ 17. In Howard’s final assignment of error on appeal, he argues that the agreed order in dispute was an illusory and unconscionable agreement, as he asserts that the agreed order violates Mississippi law.
¶ 18. A review of the record shows that Howard failed to raise these arguments in his answer to Gunnell’s peti *598 tion seeking an order adjudicating ownership of the property in dispute, in his motion for reconsideration, and at the hearings that occurred before the chancery court. The record reflects that the first time that Howard raised these issues to the trial court was in his Rule 60(b) motion, submitted by his new counsel, after his notice of appeal had been filed. Therefore, we find that Howard is procedurally barred from raising the issues now on appeal because these issues were not properly raised before the chancery court and because the chancellor properly found that he had no authority to broaden or amend his prior rulings while the case was on appeal. See Ruff v. Estate of Ruff, 989 So.2d 366, 372 (¶24) (Miss.2008) (citing Hataway v. Nicholls, 893 So.2d 1054, 1057 (¶ 8) (Miss.2005)). Furthermore, we note that Howard is procedurally barred from appealing these issues due to his failure to preserve the chancellor’s denial of his Rule 60(b) motion on appeal.[4] See M.R.A.P. 3(c).
¶ 19. i Moreover, an abuse-of-discretion standard of review is applied by appellate courts when reviewing a chancellor’s denial of a motion under Rule 60(b). Lowrey v. Lowrey, 919 So.2d 1112, 1117 (¶ 16) (Miss.Ct.App.2005) (citing Montgomery v. Montgomery, 759 So.2d 1238, 1240 (¶ 5) (Miss.2000)). Further, the “findings of a chancellor will not be disturbed unless the chancellor was either manifestly wrong or clearly erroneous or the chancellor arrived at those findings after an application of an erroneous legal standard.” Id. (citing Perkins v. Perkins, 787 So.2d 1256, 1260-61 (¶ 9) (Miss.2001)). “When ruling on such motions a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation.” Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984) (citations omitted). Courts should deny motions made pursuant to Rule 60(b) if they are merely an attempt to relitigate the case. Id. (citations omitted). “A party is not entitled to relief merely because he/she is unhappy with the judgment.” Estate of Davis, 42 So.3d at 524 (¶ 16) (quoting Jenkins v. Jenkins, 757 So.2d 339, 343 (¶ 7) (Miss.Ct.App.2000)).
¶ 20. Recently, in Corporate Management, Inc. v. Greene County, 23 So.3d 454, 460 (¶ 13) (Miss.2009), the supreme court ruled:
Filing a notice of appeal transfers jurisdiction from the trial court to an appellate court, thereby removing the trial court’s authority to amend, modify, or reconsider its judgment. In other words, the appeal removes the case ipso facto to the appellate courts. When an appeal has no supersedeas bond, a party may execute on the judgment. However, the lower court cannot “broaden, amend, modify, vacate, clarify, or rehear the decree.” On the other hand, when an appeal has a supersedeas bond it effectively suspends the judgment. Therefore, “enforcement of the rights declared by the decree are suspended until the appeal is determined.” When a trial court’s order broadens, amends, modifies, vacates, clarifies, or rehears a decree, “it must be vacated as null and *599 void because it exceeds the subject matter jurisdiction of the lower court.”
(Internal citations omitted). See also Bert Allen Toyota, Inc. v. Grasz, 947 So.2d 358, 362 (¶ 7) (Miss.Ct.App.2007) (citations omitted).
¶ 21. After employing this limited standard of review to the present case, this Court finds no abuse of discretion in the chancellor’s denial of Howard’s Rule 60(b) motion. In the chancellor’s ruling on Howard’s Rule 60(b) motion, he stated the following:
Pursuant to Rule 60(b) a trial judge is only permitted to relieve a party or his legal representative from a final judgment, order, or proceeding, upon motion and such terms as are just for the following reasons: 1) fraud, misrepresentation, or other misconduct of an adverse party; 2) accident or mistake; 3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b); 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the judgment. M.R.C.P. 60(b).
Post-judgment relief under Rule 60 is limited to exceptional circumstances. Stringfellow v. Stringfellow, 451 So.2d 219, 220 (Miss.1984) (citing Hoffman v. Celebrezze, 405 F.2d 833 (8th Cir.1969)). The allegations and the evidence presented must be sufficient to convince the court that what is sought is not merely an opportunity to relitigate what has already been settled. Askew v. Askew, 699 So.2d 515, 520 (Miss.1997). Relief as contemplated by the rule is not afforded a party merely because they [sic] are unhappy with the judgment. Stringfellow, 451 So.2d at 221 (Miss.1984) (citations omitted). Further, “Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those remedies.” Palmer v. Grand Casinos of Miss., Inc., 744 So.2d 745, 746 (Miss.1999) (citations omitted). Therefore, if a Rule 60(b) motion is merely an attempt to relitigate a case, the motion should be denied. Griffin v. Armana, 679 So.2d 1049, 1050 (Miss.1996) (citing Mastini v. [Am.] Tel. and Tel. Co., 369 F.2d 378 (2d Cir.1966)).
The Plaintiff asserts the following as grounds for relief, that: 1) the July 21, 2009, Order is void and must be set aside because the December 10, 2007, Order upon which it is based is void; 2) the underlying suit involves a tax sale that was not properly noticed and is therefore invalid; 3) the December 10, 2007, Order created a remedy which amounts to a forfeiture of land which is an illegal and improper taking; 4) the December 10, 2007, Order must be set side because it is based upon an illegal contract made in violation of law and in contravention of public policy; and 5) the December 10, 2007, Order must be set aside because compliance was impossible due to a lack of definiteness of its terms.
The Court finds that Plaintiffs request for relief calls into question matters already resolved by this Court, as well as makes legal assertions which were not previously raised by the pleadings, [sic] and[,] therefore should be denied.

The Court farther finds that it is limited in what it may consider under Rule 60(b) while a case is on appeal, and under no circumstances is permitted to render a decision which would modify, 
*600
broaden, or amend this Court’s previous ruling [;] therefore, this Comi is without jurisdiction to grant Plaintiffs request for relief and the same should be denied.

(Emphasis added).
¶ 22. The record clearly reflects that Howard failed to plead or raise the issues of whether the agreed order was an illusory and unconscionable agreement in his pleadings prior to the filing of his Rule 60(b) motion. Howard, by raising these issues for the first time in his Rule 60(b) motion, which we note was filed after his notice of appeal was filed, sought to modify or broaden the chancery court’s previous rulings, which violates Mississippi law. See Bert Allen Toyota, Inc., 947 So.2d at 362 (¶ 7). Therefore, we find that the chancellor did not abuse his discretion in determining that he lacked jurisdiction to consider these issues under the limited circumstances of relief allowed pursuant to Mississippi Rule of Civil Procedure 60(b). This issue is, therefore, without merit.
¶ 23. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.

. Howard provides this information to the Court through his complaint in the record below.

. We again note that we receive this information only through Howard’s complaint in the record below.

. The record reflects that the check from Howard to Gunnell was dated September 18, 2008, and Howard alleges in his brief on appeal that the tendered payment occurred on or about this same date.

. Mississippi Rule of Appellate procedure 3(c) provides, in part, the following: "The notice of appeal ... shall designate as a whole or in part the judgment or order appealed from.” In the present case, Howard failed to list the chancellor’s order denying his 60(b) motion in his notice of appeal and also failed to list the specific orders from which he is appealing in his statement of the issues in his brief. Further, Howard never specifically mentioned the orders that he is appealing in his brief; rather, he states that he is appealing "the agreed order and all subsequent orders upholding the agreed order.”