ROBERTS, J.,
for the Court:
¶ 1. Louise J. Piernas sued her neighbor, Charlene Campiso, to resolve the location of the boundary between their two properties. Alternatively, Piernas claimed she had adversely possessed a thirty-foot strip of Campiso’s property. After Campiso successfully moved for summary judgment, Piernas filed a “motion to vacate summary judgment” under Rule 60(b) of the Mississippi Rules of Civil Procedure. However, the Hancock County Chancery Court found no merit to Piernas’s Rule 60(b) motion. Piernas appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1992, Piernas bought a lot in the Deer Park Subdivision located in Hancock County. In December 2008, Campiso bought a lot that adjoined Piernas’s. When Piernas saw a surveyor on Campi-so’s property, Piernas attempted to show the surveyor what she considered to be the boundary line that separated her and Campiso’s properties. Nevertheless, the surveyor set out stakes elsewhere. Pier-nas believed that the surveyor’s boundary line encroached onto a thirty-foot strip of her property.
¶ 8. On September 25, 2009, Piernas filed a complaint styled as a “petition to adjudicate boundary and other relief.” Pi-ernas requested that the chancery court adjudicate the boundary between her and Campiso’s properties. Alternatively, Pier-nas claimed she had adversely possessed a portion of Campiso’s property. Campiso disputed Piernas’s claims.
¶ 4. In May 2010, Campiso filed a motion for summary judgment. The chancellor conducted a hearing on Campiso’s motion during June 2010. Following the hearing, the chancellor noted that both Piernas and Campiso had “admitted that the correct property line is where [an] old fence was located prior to its destruction after Hurricane Katrina.” The chancellor also noted that Piernas had not filed any exhibits, affidavits, or other documentation to support her position that she had adversely possessed Campiso’s property. The chancellor concluded that Piernas had merely disputed the allegations in Campiso’s motion for summary judgment. The chancellor, therefore, held that Piernas had failed to rebut Campiso’s demonstration that there were no genuine issues of material fact to be resolved by a fact-finder. Accordingly, the chancellor granted Campi-so’s motion for summary judgment.
¶ 5. Next, Piernas moved to vacate summary judgment under Rule 60(b). Piernas argued that the chancellor’s decision was a “mistake of fact and law.” Piernas elaborated that she had filed her own affidavit in which she disputed Campiso’s claims. Piernas further argued that the chancellor mistakenly concluded that Piernas and Campiso had agreed on the position of the boundary between their properties. According to Piernas, she agreed that the “old fence line” was the boundary between her property and Campiso’s property, but the surveyor incorrectly determined that the “old fence line” encroached thirty feet onto Piernas’s property. Finally, Piernas argued that the chancellor should have allowed more time for her and Campiso to conduct discovery. Ultimately, the chancellor denied Piernas’s Rule 60(b) motion. Piernas appeals.
ANALYSIS
TIMELINESS
¶6. Piernas attempts to appeal two of the chancellor’s decisions. Piernas claims *726 the chancellor erred when he granted Campiso’s motion for summary judgment. Piernas also claims the chancellor erred when he denied her Rule 60(b) motion.
¶ 7. The chancellor filed his order granting Campiso’s motion for summary judgment on September 20, 2010. There were two ways for Piernas to timely preserve that issue for appeal. First, Piernas could have appealed the chancellor’s decision within thirty days. M.R.A.P. 4(a). Piernas did not do so.
¶ 8. Alternatively, Piernas could have preserved the summary-judgment issue by filing a post-trial motion under Rule 60(b) or Rule 59 of the Mississippi Rules of Civil Procedure within ten days of the chancellor’s order granting summary judgment and then appealing an adverse ruling on her Rule 60(b) motion within thirty days. M.R.A.P. 4(d)(5). That is, “[i]f any party files a timely motion” for relief under Rule 60(b) within ten days after the entry of judgment, “the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.” M.R.A.P. 4(d).
¶ 9. Piernas had until September 30, 2010, to file a Rule 59 or Rule 60 motion. She missed her opportunity. Pi-ernas filed her Rule 60(b) motion on October 6, 2010. “An untimely filed [Rule 60(b) motion] will not excuse an untimely filed [n]otice of [ajppeal, and clearly will not create or confer jurisdiction in this Court.” Byrd v. Biloxi Reg’l Med. Ctr., 722 So.2d 166, 169 (1112) (Miss.Ct.App. 1998). Therefore, Piernas had until October 20, 2010, to appeal the chancellor’s decision to grant Campiso’s motion for summary judgment. Piernas filed her notice of appeal on June 20, 2011. Consequently, Piernas did not timely appeal the chancellor’s decision to grant Campiso’s motion for summary judgment. However, Piernas timely preserved the chancellor’s decision to deny her Rule 60(b) motion.
¶ 10. “When reviewing a grant or denial of a Rule 60(b) motion, [an appellate court] will only reverse the ruling of a chancellor upon the finding of abuse of discretion.” Cujfee v. Wal-Mart Stores, Inc., 977 So.2d 1187, 1191 (If 14) (Miss.Ct. App.2007) (quoting City of Jackson v. Jackson Oaks L.P., 860 So.2d 309, 311 (¶ 6) (Miss.2003)). Piernas argues that because there were genuine issues of material fact to be resolved by a fact-finder, the chancellor was mistaken when he granted Cam-piso’s motion for summary judgment. In other words, Piernas simply requested that the chancellor reconsider his decision.
¶ 11. The Mississippi Supreme Court has stated:
As a general rule, the “extraordinary relief’ provided for by Rule 60(b) ... will be granted “only upon an adequate showing of exceptional circumstances,” and gross negligence, ignorance of the rules, ignorance of the law, or carelessness on the part of the attorney will not provide sufficient grounds for relief.
Am. States Ins. Co. v. Rogillio, 10 So.3d 463, 474 (¶ 27) (Miss.2009) (quoting Accredited Sur. & Cas. Co. v. Bolles, 535 So.2d 56, 58 (Miss.1988)). Moreover, “Rule 60(b) motions should be denied where they are merely an attempt to reliti-gate the case.” Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984) (citation omitted). Piernas’s Rule 60(b) motion was nothing more than an attempt to revisit the chancellor’s decision to grant Campiso’s motion for summary judgment. A more appropriate means to that end would have been for Piernas to either (1) timely appeal the chancellor’s decision to grant Campiso’s motion for summary judgment or (2) file her Rule 60(b) motion within ten days of the chancellor’s decision to grant Campiso’s motion for summary *727 judgment and then appeal an adverse ruling within thirty days. Piernas failed to do either of those things. Such a mistake “does not give rise to Rule 60(b)(2) relief.” Id. at 222. Therefore, we find that the chancellor did not abuse his discretion when he denied Piernas’s Rule 60(b)(2) motion. Accordingly, we affirm the chancellor’s judgment.
¶ 12. THE JUDGMENT OF THE HANCOCK COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.