# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00156-COA

JENIFER BAILEY                                                              APPELLANT

v.

WELLS FARGO BANK, N.A., JEREMIAH E.                          APPELLEES
SCHROEDER II, MARIE SCHROEDER, REMAX
CHOICE PROPERTIES AND REMAX, LLC

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2017 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEYS FOR APPELLEES: | FREDERICK N. SALVO III |
| | ADRIA H. JETTON |
| | SAMUEL D. GREGORY |
| | DONALD RAFFERTY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 06/18/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

J. WILSON, P.J., FOR THE COURT:

¶1.    Jenifer Bailey bought a house from Jeremiah ("Jay") and Marie Schroeder. Bailey

later sued the Schroeders, alleging that they failed to disclose that there had once been a meth

lab in the house. The Schroeders filed a motion for summary judgment, supported by

affidavits and deposition testimony, arguing that there was no genuine issue of material fact

and that they were entitled to judgment as a matter of law because there was no evidence that

there had been a meth lab in the house—let alone evidence that they knew or should have

known about it. In response, Bailey failed to produce any affidavits or other competent evidence to show that there was a genuine issue of material fact. Therefore, the circuit court granted the Schroeders' motion for summary judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On November 23, 2010, Bailey filed a complaint in Harrison County Circuit Court against the Schroeders, Re/Max Choice Properties, and Re/Max LLC. In relevant part, the complaint alleged as follows: Jay was a broker/agent and principal of Re/Max Choice Properties, which was an agent of Re/Max LLC. The Schroeders owned a rental house in Gulfport. In 2008, they listed the house for sale with the Re/Max defendants. As required by Mississippi law, the Schroeders completed and signed a "Property Condition Disclosure Statement," which required them to answer the following question:

> Are you aware of any problems which may exist with the property by virtue of prior usages such as, but not limited to, Methamphetamine Labs, Hazardous/Toxic waste disposal, the presence of asbestos components, Lead-Based Paint, Urea-Formaldehyde Insulation, Mold, Radon Gas, Underground Tanks or any past industrial uses of the premises?

The Schroeders checked "No" in response to this question. In January 2009, Bailey bought the house from the Schroeders. Bailey alleges that she later discovered that a former occupant of the house had been arrested in 2007 for operating a meth lab in the house. She further alleges that the Schroeders knew or should have known about the meth lab. Bailey's complaint asserted claims against the Schroeders[1] for fraud, negligent misrepresentation, violation of statutory real estate disclosure requirements, and breach of contract. The

---

[1] We will refer to all defendants collectively as "the Schroeders."

2

complaint also named Wells Fargo Bank N.A. as an additional "plaintiff." The complaint asserted that Wells Fargo was "a necessary and indispensable party to this litigation" because it held a deed of trust on the subject property.

¶3.     The Schroeders answered the complaint, denying Bailey's allegations that there had been a meth lab in the house or that they knew or should have known about a meth lab. Wells Fargo filed a "Response" to the complaint in which it asserted that it was "not a Plaintiff and should be treated as a Rule 19 Defendant."[2] Wells Fargo stated that it should be considered a Rule 19 defendant because it held a deed of trust on the property and that its interest in the case, if any, was limited to its rights associated with the deed of trust. Wells Fargo stated it had "not joined in [Bailey's] claims" but "reserve[d] the right to seek leave . . . to join in [Bailey's] claims or assert counter and/or cross claims at a later date."

¶4.     The parties engaged in discovery during 2011 and 2012. In October 2013, the clerk filed a motion to dismiss for failure to prosecute, but Bailey opposed the motion and noticed depositions, and the court administratively terminated the clerk's motion. In July 2015, after another year of inactivity, the clerk filed another motion to dismiss for failure to prosecute, but Bailey filed a response to the motion, and the motion was denied.

¶5.     On November 4, 2016, Wells Fargo filed a "Motion to Dismiss." Wells Fargo argued that it should be dismissed from the case because no claims were asserted against it and because it no longer held a deed of trust on the property (and, thus, was no longer a necessary party). Bailey did not file a response to Wells Fargo's motion.

---

[2] *See* M.R.C.P. 19(a) (A necessary party "may be made a defendant or, in a proper case, an involuntary plaintiff.").

¶6.    On November 28, 2016, the Schroeders filed a motion for summary judgment.  They argued that they were entitled to judgment as a matter of law because there was no evidence that there had been a meth lab in the house or that they knew or should have known about a meth lab.  The motion was supported by the Schroeders' affidavits and deposition testimony from three of their former tenants—Barbara Broadus and two of her children, Daniel and Tena Broadus.  The Broaduses testified that they lived in the house during the time when Bailey alleged that a meth lab had been in operation there.  They all denied that there had been a meth lab in the house. They testified that Barbara's son Tim was only an occasional guest at the house but did not live there permanently.  They knew that Tim used drugs, but they never saw him with drugs in the house.  Barbara testified that she would not have allowed Tim to bring drugs into the house.  On July 30, 2017, Barbara found a green plastic bottle in the backyard that she thought was unusual and might be related to drugs.  After consulting a friend, she decided to call the police, and the police arrested Tim at the house for possession of precursors.  The police found additional precursors in Tim's car.  Police searched the house but only found some ordinary household batteries in the bedroom where Tim was sleeping.  Barbara, Daniel, and Tena all testified that they never smelled any odors in the house or saw anything else to suggest that Tim was making meth in the house.  They lived in the house for a year after Tim's arrest and never experienced any health issues.  Barbara testified that she told Marie Schroeder that she had to have Tim arrested.  However, she did not tell the Schroeders that Tim had been making meth at the house (because she did not believe that he had been).  In affidavits, Jay and Marie Schroder both swore that no one

4

ever told them that there was a meth lab in the house.

¶7.    On December 8, 2016, Bailey filed a response to the Schroeders' motion.  However, all but the first page of the response is missing because of an apparent filing error by Bailey. Bailey submitted three pages of exhibits with her response.  One page is what purports to be an August 6, 2007 memorandum to Jay and Marie Schroeder from Detective Aaron Fore of the Gulfport Police Department.  The memorandum states:

> Mr. and Mrs. Schroeder,
>
> This letter is to inform you of a Methamphetamine Lab that was discovered in and about the residence located at [the subject address].  On July 30, 2007, the Gulfport Police Narcotics Unit seized numerous devices and precursors used in the manufacture of Methamphetamine from the [subject] address . . . .  It is my duty to inform you of the hazards associated with the manufacture of Methamphetamine.  As a precautionary measure, it would be advis[able] for a professional cleaning and sterilization to be conducted of the residence to avoid any sicknesses related to possible toxins remaining on the premises.  If you have any questions or concerns . . . , you can contact me . . . .

¶8.    A second page of Bailey's exhibits is what purports to be a December 7, 2016 email from Bailey's attorney, Michael Crosby, to Detective Fore.  In the email, Crosby states:

> Det. Fore,
>
> This will confirm that I have this day confirmed with you that . . . you delivered a written notice dated August, 6, 2007, to Mr. Jeremiah Schroeder, on said date, advising him regarding a recommendation for professional cleaning described in the letter . . . and notification of a meth lab and hazards associated with methamphetamine found in and about the residence on July 30, 2007.

The record does not contain a response to Crosby's email or anything else to show that Fore received Crosby's email.  Indeed, it is not clear that Crosby even sent the email to Fore's email address.  Rather, it appears that the email was sent to "jerrimason@bellsouth.net."

5

¶9.     On December 8, 2016, the circuit court held a hearing on Wells Fargo's motion to dismiss and the Schroeders' motion for summary judgment. The judge addressed Wells Fargo's motion first. Crosby acknowledged that Wells Fargo was no longer a "plaintiff," but he argued that it "should be more properly styled as a defendant." Crosby further stated that if Wells Fargo was "dismissed . . . as a plaintiff," he planned to seek leave to amend the complaint to assert claims against it as a defendant based on its subsequent foreclosure on the property. Thus, Crosby asked that any dismissal be "without prejudice." However, the judge stated that he would grant Wells Fargo's motion to dismiss "with prejudice."

¶10.    The judge then heard argument on the Schroeders' motion for summary judgment. Citing deposition testimony and the Schroeders' affidavits, the Schroeders' attorney argued that there was no evidence that there was a meth lab on the property or that the Schroeders knew or should have known about a meth lab. Citing Detective Fore's memorandum, Crosby argued that there was a genuine issue of material fact. The judge asked Crosby whether he had filed "an affidavit of any kind" with his response. Crosby answered, "yes, sir." He stated that he filed an affidavit the day before the hearing, as allowed by rule. *See* M.R.C.P. 56(c). Following a brief recess, the judge announced his ruling:

> I always try and read everything. I do have a response that was filed by the plaintiff yesterday. There is no affidavit attached to it. But, at any rate, defendant's motion for summary judgment is granted. There is no genuine issue as to a material fact.

On December 14, 2016, the court entered a "Judgment" in favor of the Schroeders. The judgment stated that the defendants' motion for summary judgment was "well taken," that the defendants were entitled to judgment as a matter of law, and that the "matter was

6

dismissed with prejudice."

¶11.    Finally, on January 6, 2017, the court entered a "Final Order and Judgment" granting Wells Fargo's motion to dismiss. The court's judgment concluded by stating "that all claims asserted against Wells Fargo" were "dismissed with prejudice."

¶12.    On February 3, 2017, Bailey filed a notice of appeal. Bailey's notice stated that she was appealing "against the Defendants herein from the Final Order and Final Judgment entered in this case on the 6th day of January, 2017." Bailey's principal brief on appeal challenged only the grant of summary judgment in favor of the Schroeders. Wells Fargo filed a brief as an appellee, but the Schroeders did not file a brief. In her reply brief, Bailey expressly conceded that the circuit court properly dismissed Wells Fargo from the lawsuit. This Court subsequently entered an order directing the parties to file supplemental briefs addressing two issues: (1) whether Bailey's notice of appeal, which referenced only the final judgment entered on January 6, 2017, encompassed the December 14, 2016 judgment granting the Schroeders' motion for summary judgment; and (2) whether the December 14, 2016 judgment granting summary judgment was a final, appealable order—and, if so, whether Bailey's notice of appeal was a timely appeal of that judgment. Bailey, Wells Fargo, and the Schroeders all filed supplemental briefs in response to the Court's order.

## ANALYSIS

### I.    This Court has jurisdiction to review the grant of summary judgment in favor of the Schroeders.

¶13.    A notice of appeal must be filed at the right time. An appeal can be taken only from a "final judgment." Therefore, a notice of appeal from a judgment or order that is not final

7

is "premature" and will not confer jurisdiction on the appellate court. *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶¶8-10) (Miss. 2013). However, once a final judgment is entered, the notice of appeal must be filed promptly or the right to appeal will be lost. Specifically, unless the time for filing a notice of appeal is tolled, *see* M.R.A.P. 4(d), "[n]otice of appeal must be filed within thirty days of the entry of a final judgment." *Bd. Of Educ. For Holmes Cty. Sch. v. Fisher*, 874 So. 2d 1019, 1021 (¶4) (Miss. Ct. App. 2004). "The timely filing of a notice of appeal is jurisdictional." *Cook v. Wallot*, 172 So. 3d 788, 796 (¶23) (Miss. Ct. App. 2013). Therefore, an untimely notice of appeal does not confer jurisdiction on the appellate court.

¶14. In this case, Bailey filed her notice of appeal fifty-one days after the circuit court entered the "Judgment" granting summary judgment in favor of the Schroeders but only twenty-eight days after the circuit court entered the "Final Order and Judgment" granting Wells Fargo's motion for a dismissal with prejudice. Therefore, the timeliness of Bailey's appeal and this Court's jurisdiction depend on whether the former "Judgment" was a final, appealable judgment. If it was, then Bailey's notice of appeal was untimely, and we lack appellate jurisdiction.

¶15. As this case illustrates, "it is essential that the point at which a judgment is final be crystal clear because appellate rights depend upon it. The opportunity to appeal could be lost by a mistaken belief that the judgment is not final and a consequent failure to file timely a notice of appeal." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Our Supreme Court has described a "final judgment" as follows:

> Generally, a final judgment is one that adjudicates the merits of the

controversy *and settles all issues between all parties*. In other words, an order is considered final if it ends the litigation on the merits *and leaves nothing for the court to do but execute the judgment*.

*LaFontaine*, 110 So. 3d at 787 (¶8) (emphasis added; quotation marks, footnotes, and brackets omitted).

¶16.    We hold that the final, appealable judgment in this case was the "Final Order and Judgment" granting Wells Fargo's motion to dismiss. The circuit court's prior judgment granting summary judgment in favor of the Schroeders did *not* "settle[] all issues between all parties." *Id.* Wells Fargo was still a party to the case—in its view, a Rule 19 defendant—and it wanted out. Wells Fargo's motion to dismiss remained pending. Wells Fargo was not dismissed from the case until the circuit court entered its "Final Order and Judgment" on January 6, 2017, which "dismissed with prejudice" any "claims asserted against Wells Fargo."[3] *That judgment* finally resolved "all issues between all parties" and left nothing more for the circuit court to do. *LaFontaine*, 110 So. 3d at 787 (¶8).

¶17.    Bailey then filed a timely notice of appeal less than thirty days later. *See* M.R.A.P. 4. The circuit court's prior grant of summary judgment "merges" with the final judgment and may be considered on appeal. *Creel v. Bridgestone/Firestone N. Am. Tire LLC*, 950 So. 2d 1024, 1027 (¶9) (Miss. 2007). Because Bailey filed a timely notice of appeal, we have jurisdiction to decide the appeal.

¶18.    The Schroeders also argue that our review is limited to the ruling granting Wells

---

[3] The circuit judge had stated that he would grant the motion, but the ruling was not effective until it was reduced to writing and entered on the docket. *See Banks v. Banks*, 511 So. 2d 933, 934-35 (Miss. 1987).

9

Fargo's motion to dismiss because Bailey's notice of appeal did not specifically designate the judgment granting the motion for summary judgment. Rather, Bailey's notice of appeal stated that she "appeal[ed] . . . against the Defendants herein from the Final Order and Final Judgment entered in this case on the 6th day of January, 2017."

¶19. We conclude that Bailey's notice of appeal was sufficient. To begin with, as stated just above, the general rule is that prior interlocutory rulings "merge" with the final judgment and may be considered on appeal from the final judgment. *Creel*, 950 So. 2d at 1027 (¶9). Therefore, Bailey's notice designating the final judgment was sufficient to encompass the prior judgment granting summary judgment.[4] In addition, Bailey's notice of appeal stated that she was appealing "against the Defendants herein," and the caption clearly identified the Schroeders as the "Defendants," while continuing to identify Wells Fargo as an additional plaintiff. This should have put the Schroeders on notice that they needed to defend the appeal. Finally, our Supreme Court "has held that if the statement of issues and appellant['s] brief clearly show that a certain order or issue is being appealed, [the appellate court should] consider the merits of the issue." *McNeese v. McNeese*, 119 So. 3d 264, 269 (¶11) (Miss. 2013); *see also* M.R.A.P. 3(c) ("An appeal shall not be dismissed for informality of form or title of the notice of appeal."). Bailey's statement of issues and brief clearly showed that she was contesting the grant of summary judgment. Therefore, we will consider the merits of

---

[4] *See* 16A Charles Alan Wright, Arthur R. Miller et al., *Federal Practice and Procedure* § 3949.4 (4th ed. 2012) ("A notice of appeal that names the final judgment suffices to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders . . . .").

that ruling. *See McNeese*, 119 So. 3d at 269 (¶11).

## II. The circuit court properly granted summary judgment in favor of the defendants.

¶20. We review the grant or denial of summary judgment de novo, applying the same standards as the circuit court. *Clark v. Moore Memorial United Methodist Church*, 538 So. 2d 760, 762 (Miss. 1989). Summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). The non-moving "party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). "[A]ffidavits shall be made on personal knowledge," and "[s]worn or certified copies of all papers are parts thereof referred to in an affidavit shall be attached thereto." *Id.* In other words, the non-moving party must provide "competent evidence" showing that a genuine issue of material fact remains in dispute. *Karpinsky v. Am. Nat. Ins. Co.*, 109 So. 3d 84, 91-92 (¶¶20-24) (Miss. 2013). "It is not enough to say . . . that summary judgment should be denied because evidence will, or might, be developed later in discovery—or at trial." *Glover ex rel. Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1274 (Miss. 2007).[5]

---

[5] As noted above, the Schroeders did not file a brief on appeal prior to this Court's order directing supplemental briefing. Bailey argues that we should take the Schroeders' failure to file a brief on the merits as a confession of error. In their supplemental brief, the Schroeders argue that they were not required to file a brief because Bailey's notice of appeal designated only the "Final Order and Judgment" granting Wells Fargo's motion to dismiss

¶21. On appeal, Bailey fails to address any of the elements of the specific claims asserted in her complaint. Rather, in the two-paragraph argument section of her principal brief, she identifies just one issue of material fact that, she believes, remains genuinely in dispute. Bailey argues as follows:

> The Schroeders . . . deny that they had any prior knowledge of . . . criminal activity and/or methamphetamine lab production in their rent house before they sold it to Bailey. The Schroeders attested to the same when they signed the [Property Condition Disclosure Statement] when they sold [the house] to Bailey . . . . However, the delivery to the Schroeders of the document in which the Gulfport Police Department specifically placed them on notice that a methamphetamine lab was discovered in and about the residence at issue, and warned of the extreme dangers to one's health unless professionally cleaned, raised a genuine factual dispute regarding a material issue.

In other words, Bailey argues that the circuit court should have denied summary judgment based solely on the memorandum, purportedly authored by Detective Aaron Fore, that she attached to her response to the Schroeders' motion for summary judgment.

¶22. The problem with Bailey's argument is that there is no competent evidence to support it. There is nothing in the record to show that Detective Fore's memorandum was ever delivered to the Schroeders. Indeed, there is no competent evidence that the memorandum even is what it purports to be. Aside from the document, we have only Michael Crosby's

---

and was not a timely appeal of the prior grant of summary judgment. Although we have concluded that Bailey's notice of appeal was sufficient and timely, we will not treat the Schroeders' failure to file a brief on the merits as a confession of error. "Automatic reversal is not required where the appellee fails to file a brief." *Rogillio v. Rogillio*, 101 So. 3d 150, 153 (¶12) (Miss. 2012). The "failure of an appellee to file a brief is tantamount to confession of error," but we may affirm if we "can say with confidence, after considering the record and brief of appealing party, that there was no error." *Id.* (brackets omitted) (quoting *Dethlefs v. Beau Maison Dev. Corp.*, 458 So. 2d 714, 717 (Miss.1984)). As we explain, it is apparent that the circuit court did not err by granting summary judgment.

email. We do not know if Detective Fore ever responded to the email—or if it was even sent to him. *See supra* ¶8. To avoid summary judgment, Bailey needed an affidavit from Fore, or someone else with personal knowledge, who could attest that the memorandum was authentic and that it was delivered to the Schroeders. Rule 56(e) makes this clear:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

M.R.C.P. 56(e); *see also Gorman-Rupp Co. v. Hall*, 908 So. 2d 749, 754 (¶18) (Miss. 2005) (holding that "unauthenticated documents" submitted in response to a summary judgment motion "should not have been considered"). Crosby's email falls far short of the rule's requirements.

¶23. Bailey seems to argue that the document was competent summary judgment evidence just because she obtained it and then produced it to the defendants in discovery. Bailey is incorrect. A document is not competent summary judgment evidence just because it was previously produced in discovery. *See, e.g.*, *R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 219 (5th Cir. 2005); *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 742 (E.D. La. 2012). This is particularly true when, as in the present case, the unauthenticated document "was produced during discovery by . . . the party seeking to benefit from the inference it provides." *R.R. Mgmt. Co.*, 428 F.3d at 219. Again, if Bailey wanted to rely on Detective Fore's memorandum as a basis for opposing summary judgment, then she needed to obtain an affidavit from a person with personal knowledge that the document was authentic and that it was delivered to the Schroeders. M.R.C.P. 56(e). Absent

13

such an affidavit, the unauthenticated document is not competent summary judgment evidence. *Karpinsky*, 109 So. 3d at 91-92 (¶¶21-24).[6]

**CONCLUSION**

¶24. The circuit court properly granted summary judgment in favor of the Schroeders and the Re/Max defendants, and Bailey concedes that the circuit court properly dismissed Wells Fargo from the lawsuit.

¶25. **AFFIRMED.**

**BARNES, C.J., TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GREENLEE AND WESTBROOKS, JJ.**

**CARLTON, P.J., DISSENTING:**

¶26. I disagree with the majority's finding that the circuit court's January 6, 2017 final order and judgment was the final appealable judgment in this case. Accordingly, I respectfully dissent.

¶27. Bailey and Wells Fargo filed a complaint against the Schroeders, alleging fraud, negligent misrepresentation, willful violation of Mississippi Code Annotated section 89-1-501 (Rev. 2011), breach of contract, and imputed liability, all stemming from the sale of real property in Harrison County. On December 14, 2016, the circuit court granted summary judgment in favor of the Schroeders, and in so doing, disposed of all the merits, dismissed the case with prejudice, and released all of the defendants from the case. Bailey failed to file

---

[6] In the circuit court, Bailey never requested a continuance to obtain such an affidavit. *See* M.R.C.P. 56(f); *Bray v. Wooten*, 247 So. 3d 1283, 1287-88 (¶¶24, 26) (Miss. Ct. App. 2017) (discussing the requirements for obtaining relief under Rule 56(f)), *cert. denied*, 246 So. 3d 69 (Miss. 2018). Nor has Bailey raised this issue on appeal.

14

an appeal within thirty days of the entry of the circuit court's grant of summary judgment. *See* M.R.A.P. 4(a). On January 6, 2017, the circuit court entered a final order and judgment releasing Wells Fargo as a plaintiff in the matter. On February 3, 2017, Bailey filed her notice of appeal from this January 6, 2017 order.[7]

¶28. In her notice of appeal, Bailey sets forth the January 6, 2017 final order and judgment dismissing Wells Fargo as the judgment from which she is appealing. However, Bailey does not attack Wells Fargo's release as a plaintiff in her appellate brief. Instead, she challenges the validity of the circuit court's prior December 14, 2016 grant of summary judgment that resolved all of the issues in the case with prejudice and dismissed all of the defendants. I find that Bailey's notice of appeal is untimely as to her challenge to the circuit court's December 14, 2016 grant of summary judgment because she failed to file an appeal within thirty days of the entry this judgment. *See Piernas v. Campiso*, 95 So. 3d 723, 726 (¶¶8-11) (Miss. Ct. App. 2012) (discussing timely notice of appeal from an order granting summary judgment).

¶29. The majority states that the circuit court's December 14, 2016 grant of summary judgment did not settle all issues between the parties and therefore was not a final, appealable judgment. However, the record reflects that this grant of summary judgment indeed resolved

---

[7] The Shroeders did not initially file an appellate brief in this case. (They did, however, file supplemental briefing upon order of this Court.) Bailey's notice of appeal, which was delivered to counsel for the Shroeders, stated that she was appealing from the final order and final judgment entered on January 6, 2017. This order dismissed Wells Fargo as a co-plaintiff and did not pertain to any issues against the Shroeders. Bailey's notice of appeal did not refer to the December 14, 2016 grant of summary judgment in favor of the Shroeders.

15

all of the issues between the parties, and no defendant or claims between adverse parties remained in the case.

¶30. The record reflects that the December 14, 2016 grant of summary judgment was simply titled "Judgment," and the order did not include the language "final judgment." However, the December 14, 2016 order provided as follows:

> On December 8, 2016, this matter came before the [c]ourt on the [d]efendants, Jeremiah E. Schroeder II, Marie Schroeder, Re/Max Choice Properties, and Re/Max[] LLC's [m]otion for [s]ummary [j]udgment; and the [c]ourt having heard oral and documentary evidence of [the] same, after consideration of the evidence, pleadings, the [m]otion and the response, the [c]ourt finds that said [m]otion is well taken; IT IS THEREFORE,
>
> ORDERED AND ADJUDGED that the [d]efendants are entitled to a [j]udgment as a matter of [l]aw as to all counts; IT IS FURTHER,
>
> ORDERED AND ADJUDGED that this matter is dismissed with prejudice[.]

¶31. On January 6, 2017, the circuit court entered a final judgment and order granting Wells Fargo's motion to dismiss. This order was titled "Final Order and Judgment." In the order, the circuit court stated that Wells Fargo "is dismissed from this action in all respects" and that "all claims asserted against [Wells Fargo] in this matter are dismissed with prejudice." However, there were no claims asserted against Wells Fargo in the case, and the claims in the action terminated upon the December 14, 2016 grant of summary judgment.

¶32. Accordingly, I find that based on these particular facts, the December 14, 2016 grant of summary judgment was a final, appealable judgment.[8] *See Fed. Sav. & Loan Ins. Corp.*

---

[8] Bailey asserted no claims against Wells Fargo, and Wells Fargo asserted no claims against Bailey. Bailey named Wells Fargo as an involuntary co-plaintiff in the matter. In its motion seeking to be dismissed from the case, Wells Fargo expressed that it "simply has

16

*v. Tullos-Pierremont*, 894 F.2d 1469, 1475-76 (5th Cir. 1990) (holding that unserved defendants are not parties for purposes of Rule 54(b) and a judgment does not lack the finality necessary for appeal simply because claims against the unserved defendants are unresolved) (citing *Nagle v. Lee*, 807 F.2d 435, 437-38 (5th Cir. 1987)); *Gaddis v. Wilkerson*, 235 So. 3d 1446, 1449 (¶12) (Miss. Ct. App. 2018) (holding that although chancellor failed to certify the judgment as final pursuant to Rule 54(b), the judgment was indeed final and appealable because it adjudicated the merits of the appellee's petition and "settled all issues" between the parties.).

¶33. Bailey filed her notice of appeal on February 3, 2017. Although her notice of appeal meets the thirty-day requirement as it pertains to the January 6, 2017 final order and judgment dismissing Wells Fargo as a co-plaintiff, the time to appeal the circuit court's December 14, 2016 grant of summary judgment had lapsed by 51 days. "[Mississippi] Rule [of Appellate Procedure] 2(a) requires the mandatory dismissal of an appeal if the notice was not timely filed pursuant to Rules 4 and 5." *Pope v. Brock*, 179 So. 3d 1120, 1126 (¶27) (Miss. 2015). The supreme court has held that "Rule 2(a) reflects the long-standing rule in this [S]tate that the failure to file a timely appeal leaves this Court without jurisdiction to consider the case." *Id.*; *see also Piernas v. Campiso*, 95 So. 3d 723, 726 (¶¶8-11) (Miss. Ct. App. 2012) (discussing timely notice of appeal from an order granting summary judgment).

¶34. While this Court possesses leeway to address an issue on appeal that Bailey failed to properly cite in her notice of appeal, the law is firm regarding our lack of ability to review

no current interest in the subject property and, therefore, no longer meets the stated requirements to be included as a Rule 19 party."

17

a case not properly before us for jurisdictional reasons. Because Bailey failed to file her notice of appeal within thirty days of the circuit court's entry of the December 14, 2016 grant of summary judgment that resolved all issues between the parties, I find that Bailey's appeal is time-barred, and we therefore lack jurisdiction to hear the matter. Accordingly, I would dismiss Bailey's appeal.

**GREENLEE AND WESTBROOKS, JJ., JOIN THIS OPINION.**