# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01098-COA

ALICIA POWELL BLACK (BRUMFIELD)                    APPELLANT

v.

ARTHUR DEWAYNE BLACK                                      APPELLEE

DATE OF JUDGMENT:            06/28/2023
TRIAL JUDGE:                       HON. MARK ANTHONY MAPLES
COURT FROM WHICH APPEALED:  JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:      PAULETTE McLEOD TURNER
ATTORNEY FOR APPELLEE:       DEAN HOLLEMAN
NATURE OF THE CASE:          CIVIL - DOMESTIC RELATIONS
DISPOSITION:                 AFFIRMED - 02/25/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.    Alicia Black (now Brumfield) and Arthur Black divorced in 2014, and the Jackson County Chancery Court awarded Alicia custody of their two minor children and ordered Arthur to pay child support. Nine years later, Arthur filed a complaint for modification and other relief against Alicia. Arthur attempted to serve Alicia personally, by publication, and by mailing a copy of the complaint to Alicia's home in Fulton County, Georgia. After Alicia refused service by certified mail, the trial court entered a judgment of modification in favor of Arthur. Later, Alicia filed a motion for relief from the judgment pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure, claiming that

she was never served and that the trial court did not have personal jurisdiction over her. After the denial of her motion, Alicia appealed both the final judgment of modification and the denial of the Rule 60(b) motion for relief from the judgment. Alicia argues that the trial court erred in finding that it had personal jurisdiction over her and in denying her motion for relief from the judgment. After reviewing the record, the parties' arguments, and relevant precedent, we affirm.[1]

## FACTS AND PROCEDURAL HISTORY

¶2. On December 31, 2014, Alicia was granted a divorce in the Chancery Court of Jackson County, Mississippi, on the ground of adultery. The trial court awarded Alicia custody of their daughter, who was then nine years old, and their son, who was then seven years old, and granted Arthur visitation on holidays and one weekend each month.

¶3. On February 24, 2023, Arthur filed a complaint for modification and other relief, alleging numerous substantial and material changes in circumstances.[2] On April 13, 2023, Arthur issued a Rule 81 summons setting a hearing for trial on June 20, 2023. *See* M.R.C.P. 81. Arthur attempted to serve Alicia by certified mail, return receipt requested,

---

[1] The parties devote two-thirds of their briefs to discussing service and the denial of Alicia's Rule 60(b) motion. As to the underlying judgment, we affirm. Alicia is procedurally barred from challenging the judgment on appeal. *See infra* ¶11.

[2] On April 3, 2023, Arthur amended his complaint, requesting to hold Alicia in contempt for refusing Arthur visitation on Easter weekend.

pursuant to Mississippi Rule of Civil Procedure 4(c)(5) on April 13, 2023. However, the mailing was marked twice "refused" on April 17, 2023 and returned to sender.[3] Arthur filed the certified-mail receipt and the envelope evidencing the refusal in the record. However, the clerk docketed the filing as "Rule 81 Summons Unexecuted."

¶4. On June 6, 2023, Alicia filed a pro-se motion to dismiss via special appearance. She claimed that personal jurisdiction, venue, and service of process were all improper. Specifically, Alicia claimed she was not personally served, and that the trial court did not have personal jurisdiction over her in this matter. Alicia further claimed that she and her children had not resided in Mississippi since the parties' divorce in December 2014.

¶5. On June 20, 2023, the trial court conducted a hearing on the modification. Alicia

---

[3] Arthur also attempted to serve Alicia by other means, including personal service and by publication. Process server Todd Morgan attempted to personally serve Alicia three times. On March 14, 2023, Morgan attempted to serve Alicia personally, and he signed an affidavit as follows: "Bad address. P.O. Box." The last two attempts were to her long time physical address at 140 Beracah Walk SW, Atlanta, Georgia 30331. In the second attempt, he stated in his affidavit:

> I went home to the home address in the summons on 3/15/23 @ 5:06 p.m.
> I spoke to the only person listed with the last name Black on the call box.
> The full name Brumfield Black. This is a wrought iron gated community.
> When I asked for Alicia Black, the woman asked a number of questions and
> then told me I needed to get the right number and hung up on me.

On March 16, 2023, Morgan returned to the same address and called Alicia's apartment, but no one answered. Arthur also attempted to serve Alicia by a Rule 81 summons by publication in the Sun Herald in Harrison County.

was not present. After Arthur explained his attempts to serve Alicia, the court denied Alicia's motion to dismiss. Next, Arthur testified to the issues alleged in the complaint for modification. On June 28, 2023, the trial court entered a judgment of modification and contempt against Alicia, finding that Alicia refused service. The trial court also found a material change in circumstances that warranted the modification of the divorce judgment and adjusted child support, visitation, and the beneficiary of his daughter's college fund.

¶6. On July 28, 2023, thirty days after the trial court's final judgment, Alicia filed a motion for relief from the judgment pursuant to Rule 60(b)(4) and 60(b)(6). Alicia argued that Arthur did not perfect service of process and that the summons by publication was insufficient. Arthur filed a response in opposition and argued that the judgment should not be void because the trial court had continuing jurisdiction and, thus, original jurisdiction.

¶7. On August 25, 2023, the trial court held a hearing on Alicia's Rule 60(b) motion. Both parties and their counsel appeared. Alicia's counsel argued that she was never served. Specifically, she emphasized that there was no proof of restricted delivery and no proof that she actually refused service. She also argued that Arthur failed to serve her within the 120-day deadline. Arthur's counsel pointed out that the refused certified mailing was in the record, and it was noted on the postal card that the document was sent as certified mail with signature confirmation and restricted delivery. The trial court

4

entered an order denying Alicia's motion for relief on September 5, 2023.

¶8.     Alicia appealed both the judgment of modification and the order denying her Mississippi Rule of Civil Procedure 60(b) motion on October 5, 2023. She argues that she was deprived of her due process rights and an opportunity to be heard because the trial court erroneously found that it had personal jurisdiction over her. Specifically, she contends that service of process was improper and did not comply with Rule 4. Alicia also argues that the trial court deprived her of due process in denying her motion for relief from the judgment.

¶9.     Arthur argues on appeal that service was proper and that Alicia did not offer any proof that service was invalid. Additionally, Arthur argues that this Court should not consider the appeal of the judgment of modification because it was not timely appealed and that Alicia's Rule 60(b) motion did not toll the time period in which the appeal could be taken. Therefore, Arthur argues that this Court can only conduct a limited review of Alicia's Rule 60(b) motion.

## STANDARD OF REVIEW

¶10.    "Regardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction, and if the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction." *Hudnall v. Miss. Dep't of Emp. Sec.*, 324 So. 3d 1201, 1203 (¶11) (Miss. Ct. App. 2021) (quoting *Alexander v. Lawrence County*, 305 So.

5

3d 1252, 1254 (¶11) (Miss. Ct. App. 2020)). "When this court reviews motions for relief pursuant to Rule 60(b), reversal is warranted only when an abuse of discretion is found, because these motions are to be addressed at the sound discretion of the trial court." *Riverboat Corp. of Miss. v. Davis*, 341 So. 3d 77, 81 (¶10) (Miss. 2022) (quoting *Finch v. Finch*, 137 So. 3d 227, 232 (¶10) (Miss. 2014)). "We will not disturb the findings of a chancellor unless they are manifestly wrong, clearly erroneous, or emanate from the application of an improper legal standard." *Riordan v. Est. of Haguewood*, 389 So. 3d 328, 332 (¶11) (Miss. Ct. App. 2023) (quoting *Young v. O'Beirne*, 147 So. 3d 877, 884 (¶20) (Miss. Ct. App. 2014)). Attempts to merely relitigate the case should be denied by the court. *Id.* (quoting *Howard v. Gunnell*, 63 So. 3d 589, 598 (¶19) (Miss. Ct. App. 2011)).

## DISCUSSION

### I. Whether Alicia's appeal of the trial court's judgment of modification was timely.

¶11. According to Mississippi Rule of Appellate Procedure 4(a), a notice of appeal must be filed within thirty days after the date of entry of the judgment or order appealed from, "[e]xcept as provided in Rules 4(d) and 4(e)." Rule 4(d)(5) states:

> If any party files a timely motion of a type specified immediately below the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Mississippi Rules of Civil Procedure . . . (5) for relief under Rule

6

60 if the motion is filed *no later than 10 days* after the entry of judgment.

(Emphasis added). Our Supreme Court has stated that "an order denying a motion under Rule 60(b) is final and appealable[,] [b]ut an appeal from a denial of the motion brings up for review only the order of denial itself and not the underlying judgment." *Riverboat Const.*, 341 So. 3d at 81 (¶9) (internal quotation marks omitted) (quoting *DeSoto County v. Standard Const. Co.*, 283 So. 3d 102, 108 (¶20) (Miss. 2019)).

¶12.    The trial court entered its judgment of modification and contempt on June 28, 2023. Thirty days later, Alicia filed her motion for relief from the modification judgment pursuant to Rule 60(b). "A Rule 60(b) motion filed more than ten days after a trial court's order is entered does not toll the time to appeal." *DeSoto County*, 283 So. 3d at 107 (¶16). Because Alicia's 60(b) motion did not toll the time to appeal, her last day to appeal the trial court's judgment on the modification was on July 28, 2023. Alicia appealed the judgment of modification on October 5, 2023, **ninety-eight** days after the trial court's judgment was entered. Instead of filing an appeal, she untimely filed a Rule 60(b) motion that did not toll her time to appeal.

¶13.    This Court had previously held that a Rule 60(b) motion filed after ten days from the final judgment is considered "untimely" for the purpose of tolling the time to appeal the underlying judgment. *Piernas v. Campiso*, 95 So. 3d 723, 726 (¶9) (Miss. Ct. App. 2012). In *Piernas*, the trial court entered an order granting summary judgment against

7

Piernas on September 20, 2010. *Id.* at (¶7). Therefore, Piernas had until September 30, 2010, to file a Rule 60(b) motion that would have tolled the time to appeal. *Id.* at (¶9). Instead of appealing the order granting summary judgment, Piernas filed a Rule 60(b) motion on October 6, 2010. *Id.* After the trial court denied Piernas's motion, she attempted to appeal both the order granting summary judgment and the denial of her Rule 60(b) motion. *Id.* This Court found that the trial court did not abuse its discretion by denying Piernas's Rule 60(b) motion because "[a]n untimely filed Rule 60(b) motion will not excuse an untimely filed notice of appeal, and clearly will not create or confer jurisdiction in this Court." *Id.* at 726 (¶9). Our Court also found that "Piernas's Rule 60(b) motion was nothing more than an attempt to revisit the chancellor's decision to grant Campiso's motion for summary judgment." *Id.* at (¶10) (quoting *Byrd v. Biloxi Reg'l Med. Ctr.*, 722 So. 2d 166, 169 (¶12) (Miss. Ct. App. 1998)).

¶14. Similarly, because Alicia did not timely appeal the trial court's judgment of modification and contempt within thirty days, this Court does not have jurisdiction to review the trial court's underlying judgment.[4] *Id.* Therefore, we will only review the trial

---

[4] This Court noted in *Piernas*:

Alternatively, [the appellant] could have preserved the summary-judgment issue by filing a post-trial motion under Rule 60(b) or Rule 59 of the Mississippi Rules of Civil Procedure within ten days of the chancellor's order granting summary judgment and then appealing an adverse ruling on her Rule 60(b) motion within thirty days. M.R.A.P. 4(d)(5). That is, "[i]f

8

court's order denying Alicia's motion for relief from judgment. Our rules of appellate procedure prohibit this Court from reviewing Alicia's first issue on appeal.

**II.     Whether the trial court erred in denying Alicia's Rule 60(b) motion.**

¶15.    We next turn to the trial court's order denying the 60(b) motion, which was timely appealed on October 5, 2023. "Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case." *Id*. at (¶9) (quoting *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984)). In *Piernas*, the appellant filed a Rule 60(b) motion sixteen days after the trial court awarded summary judgment to the appellee. *Id*. After the trial court denied Piernas's Rule 60(b) motion, she attempted to appeal both the granted summary judgment and the denial of the Rule 60(b) motion. *Id*. at 725-26 (¶9). After limiting our review to the 60(b) motion pursuant to Mississippi Rule of Appellate Procedure 4(d)(5), this Court found that Piernas's motion was "an attempt to revisit the chancellor's decision" in their grant of summary judgment. *Id*. at 726 (¶9). Because Piernas did not timely appeal from the trial court's summary judgment or timely file a Rule 60(b) motion to toll the time to appeal, we affirmed the trial court's ruling. *Id*. at 727

---

any party files a timely motion" for relief under Rule 60(b) within ten days after the entry of judgment, "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." M.R.A.P. 4(d).

*Piernas*, 95 So. 3d at 726 (¶8).

9

(¶11).

¶16.   Alicia's motion for relief and appeal all raise the same issue: insufficiency of process. "Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *Palmer v. Grand Casinos of Miss. Inc.*, 744 So. 2d 745, 746 (¶3) (Miss. 1999); *see also Howard*, 63 So. 3d at 599 (¶21). Alicia could have sought relief by (1) appealing the trial court's judgment of modification after thirty days or (2) filing a Rule 60(b) motion within ten days of the judgment. The chancellor noted in his order that Alicia did not do either.[5] Therefore, we find that the chancellor did not abuse his discretion when he denied Alicia's Rule 60(b) motion. The issue is without merit.

## CONCLUSION

¶17.   The chancery court did not err in denying Alicia's Rule 60(b) motion for relief from the judgment. Her appeal of the trial court's judgment of modification was untimely filed, and Alicia's motion for relief from judgment was an attempt to relitigate the matter. Accordingly, we affirm the trial court's order.

---

[5] Mississippi Rule of Appellate Procedure 4(d)(3)-(4) also states that timely Rule 59 motions toll the time to appeal. The advisory committee's notes clarify that the Rules of Appellate Procedure were amended in part to eliminate "the difficulty of determining whether a post trial motion made within 10 days after entry of a judgment is a Rule 59 motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time." M.R.A.P.4 cmt.

¶18.  **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**